AARON D. FORD
Attorney General
SAMUEL L. PEZONE JR. (Bar No. 15978)
Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
(702) 486-3195 (phone)
(702) 486-3773 (fax)
Email: spezone@ag.nv.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL CURTIS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA, *et al.*,<br><br>　　　　Defendants. | Case No. 2:21-cv-02250-JAD-EJY<br><br>**STIPULATION AND ~~PROPOSED~~ ORDER TO REOPEN DISCOVERY**<br><br>**(THIRD REQUEST)** |

Plaintiff, Michael Curtis (Curtis), acting *pro se*, and Defendants, Julio Calderin, Charles Daniels, Monique Hubbard-Pickett, and Brian Williams, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Samuel L. Pezone Jr., Deputy Attorney General, hereby stipulate and agree to extend the time for discovery. There is good cause and excusable neglect for this Court to reopen discovery. LR 26-3.

## I.    CERTIFICATION REGARDING THE MEET AND CONFER

The parties hereby declare and certify that they met and conferred via telephone on December 5, 2023, regarding the discovery deadlines. At this meet and confer, the parties agreed to stipulate to reopen the discovery deadlines as herein provided.

## II.    STATEMENT OF DISCOVERY PERFORMED

The discovery period for this matter began on March 16, 2023, pursuant to this Court's Scheduling Order, ECF No. 25. On March 29, 2023, Defendants served their mandatory disclosures pursuant to this order. ECF No. 25 at 2:1-10.

1  On October 24, 2023, Defendants served their first set of Requests for Admission (RFAs) on Curtis, which included questions that referred Curtis to the contents of ECF No. 41-1. Defendants received Curtis' responses on November 28, 2023, which alerted counsel to the fact that half of every other page in ECF No. 41-1 had been cut off. Although Curtis wished to serve written requests for discovery on Defendants, until very recently, Curtis been unable to purchase sufficient supplies to prepare and serve his own written discovery requests.

### III. DESCRIPTION OF DISCOVERY THAT REMAINS TO BE COMPLETED

Defendants would like the opportunity to obtain supplemental responses to their RFAs based upon a forthcoming corrected image to ECF No. 41-1. Plaintiff has also expressed a desire to propound written discovery now that he has supplies with which to draft these requests.

### IV. STATEMENT OF GOOD CAUSE

To demonstrate good cause, the parties must show "that, even in the exercise of due diligence, [the parties were] unable to meet the timetable set forth in the order." *Cruz v. City of Anaheim*, CV1003997MMMJEMX, 2011 WL 13214312, at *2 (C.D. Cal. Dec. 19, 2011) (citing *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Prejudice to the opposing party is a factor in determining good cause, though lack of prejudice is "not a prerequisite." *Id.*

There is good cause to extend the discovery deadline. Defendants were unaware of the issues with ECF No. 41-1 until undersigned counsel received and reviewed Curtis' responses on November 28, 2023. By that time, the deadline for discovery, November 27, 2023, ECF No. 40, had already passed. In addition, undersigned counsel only became aware of Curtis' inability to serve discovery on December 5, 2023. Curtis is proceeding *pro se* and is relatively unfamiliar with the process for seeking extensions of discovery.

The parties would like additional time for Curtis to draft a supplemental response to Defendants' RFAs, and for Curtis to draft and serve written discovery requests. Both

parties will benefit from an extension, and neither party will be prejudiced by additional discovery. There is good cause to reopen discovery.

## V. STATEMENT OF EXCUSABLE NEGLECT

In determining whether any parties' neglect is excusable, courts of this circuit weigh four factors: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004); *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993).

As to the first factor, the parties maintain that they will not be prejudiced by an extension. The parties maintain that they will all benefit from an extension of the discovery deadline.

As to the second factor, the parties request an extension of discovery of no more than 90 additional days. This case is still relatively young, and the parties do not seek to prolong these proceedings any more than is necessary. As stated, the parties have been constrained from completing discovery by their individual circumstances.

As to the third factor, the parties maintain that delay is no fault of any party. Defendants only learned of the error in ECF No. 41-1 following receipt of Curtis' responses to Defendants' RFAs. Counsel filed ECF No. 41-1 with pages rotated counterclockwise; counsel was unaware that PACER would revert those pages to their previous orientation and proceed to cut off half of each page.

Finally, the parties maintain that their conduct was in good faith. The parties previously sought an extension in good faith, ECF No. 39; and undersigned counsel, in good faith, filed ECF No. 41-1, and was not aware PACER would cut off pages of the Exhibit. The parties are requesting this extension in good faith to obtain additional discovery, and not for the purposes of delay. The parties' neglect, if any, is excusable.

## VI. ~~PROPOSED~~ SCHEDULE FOR COMPLETING ALL REMAINING DISCOVERY

The parties propose the following schedule for completion of all remaining discovery and the filing of any dispositive motions:

- The deadline for completion of discovery will be extended to **March 11, 2024.**
- The deadline to file discovery motions will be extended until **April 10, 2024.**
- The deadline to file any dispositive motions will be extended until **May 10, 2024.**
- The deadline to file a Joint Pre-Trial order will be extended until **June 10, 2024,** or, if dispositive motions are filed, until thirty (30) days after the entry of any order on the dispositive motions.

## VII. CONCLUSION

Based on the foregoing, good cause and excusable neglect exist and the parties respectfully request that this Court reopen the deadline for discovery for 91 days up to and including March 11, 2024.

DATED this 14th day of December, 2023.      DATED this 14th day of December, 2023.

AARON D. FORD
Attorney General

/s/ Samuel L. Pezone, Jr.
SAMUEL L. PEZONE, JR. (Bar No. 15978)      Michael Curtis, #1195453
Deputy Attorney General
                                            *Plaintiff, Pro Se*
*Attorneys for Defendants*

### ORDER

**IT IS SO ORDERED:**

DATED: December 15, 2023

_____
UNITED STATES MAGISTRATE JUDGE