AARON D. FORD
 Attorney General
SAMUEL L. PEZONE, JR. (Bar No. 15978)
 Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
(702) 486-4070 (phone)
(702) 486-3773 (fax)
Email: spezone@ag.nv.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL CURTIS,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA, *et al.*,<br><br>Defendants. | Case No. 2:21-cv-02250-JAD-EJY<br><br>**DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF NO. 50)** |

Defendants, Julio Calderin, Charles Daniels, Monique Hubbard-Pickett, and Brian Williams, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Samuel L. Pezone Jr., Deputy Attorney General, hereby object to Magistrate Judge's Report and Recommendation (ECF No. 50).

**I.   BACKGROUND**

Plaintiff, Michael Curtis (Curtis), is an inmate in the custody of the Nevada Department of Corrections (NDOC), presently housed at High Desert State Prison (HDSP). *See* ECF No. 30.

On July 31, 2023, Curtis filed his "Motion to Show Cause for a Preliminary Injunction and a Temporary Restraining Order." ECF No. 30. On August 31, 2023, Defendants filed an opposition. ECF No. 41. On October 3, 2023, Curtis filed a reply. ECF No. 46.

On January 2, 2024, the Honorable Magistrate Judge Elayna Youchah filed her Report and Recommendation as to Curtis' preliminary injunction motion. ECF No. 50.

Judge Youchah recommended that this Court grant Curtis' motion, finding that there was sufficient likelihood of success on the merits, and that the balance of equities weighed in Curtis' favor. *Id*. Specifically, she found that Curtis was likely to succeed on the merits of his RLIUPA claim because he showed his sincere religious belief was burdened by Defendants' actions, and that there was no compelling state interest in burdening this belief. *Id*.

Defendants now interpose the following objections to the Magistrate Judge's Report and Recommendation.

## II.    SUMMARY OF THE OBJECTIONS

Defendants object to the Magistrate Judge's Report and Recommendations (ECF No. 50) as to its recommendation "that Plaintiff's Motion to Show Cause for a Preliminary Injunction (ECF No. 30) be GRANTED," and its recommendations for further orders to have Plaintiff placed on the common fare diet. ECF No. 50 at 14.

## III.    LEGAL STANDARD

### A.    Legal Standard Regarding Objections

A party objecting to a magistrate judge's findings and recommendations must file and serve specific written objections with supporting points and authorities. 28 U.S.C. §636(b)(1)(C); Local R. IB 3-2(a).

"The district judge must conduct a de novo review of those portions of the specified findings or recommendations to which objections have been made." 28 U.S.C. §636(b)(1)(C); Local R. IB 3-2(b); *See also United States v. Remsing*, 874 F.2D 614, 616 (9th Cir. 1989). "The district judge may accept, reject or modify, in whole or in part, the magistrate judge's findings or recommendations." Local R. IB 3-2(b). "The district judge *may also receive further evidence* or remand the matter to the magistrate judge with instructions." *Id*. (emphasis added)

### B.    Legal Standard Pertaining to Motions for Preliminary Injunction

Defendants incorporate the "Applicable Law" section from their Opposition to ECF No. 30 (ECF No. 41) as if fully stated herein. ECF No. 41 at 6:12-7:14.

## IV.  OBJECTIONS

### A.  Curtis' Request for Injunctive Relief is Now Moot

On January 15, 2024, Curtis was approved for and placed on the Common Fare diet. Because this is the only relief Curtis requests, and because it is the only effective relief available to remedy his alleged denial of common fare, Curtis' RLIUPA claim is moot. *See Bayer v. Neiman Marcus Grp.*, Inc., 861 F.3d 853, 861-62 (9th Cir. 2017). Curtis cannot succeed on the merits of this claim and therefore cannot receive preliminary injunctive relief for this claim. Accordingly, this Court should reject the Magistrate's recommendations and deny Curtis' motion as moot.

### B.  Findings Regarding Likelihood of Success were Clearly Erroneous

#### 1.  Findings Regarding Likelihood of Success

In addressing the Defendants' factual analysis of Curtis' underlying belief, the Magistrate Judge in error stated that Defendants impermissibly questioned "whether consuming meat prepared in compliance with Kosher law is central to the Asatru faith," where case law would forbid this sort of inquiry. ECF No. 50 at 9-10 (citing *Shakur v. Schriro*, 514 F.3d 878, 883 (9th Cir. 2008)). Without reference to any evidence in the record, the Magistrate Judge found that "Plaintiff [met] his burden of demonstrating his sincerely held beliefs in Asatru and its requirement that he consume meat prepared for the Common Fare diet or, at a minimum, demonstrates a serious question going to the merits of his claim." *Id*. at 10. The Magistrate Judge found that this belief was substantially burdened because Defendants do not dispute that Curtis was denied the Common Fare diet, finding that Curtis was therefore likely to succeed on the merits. *Id*. Defendants respectfully disagree with these findings.

#### 2.  The Magistrate Judge Mischaracterized Defendants' Analysis

As an initial matter, the Magistrate Judge erred by mischaracterizing Defendants' factual analysis as an argument regarding the centrality of Plaintiff's belief to his Asatru faith. Curtis' belief, as stated in his complaint, was vague and ambiguous as to what constituted the "humane treatment and slaughter of animals" or how methods were

"equivalent" or "analogous" to Kosher law. ECF No. 41 at 2:15-25. Without resolving Curtis' meaning, there is no practical way to determine what exactly his sincere belief required; and without knowing what exactly his belief required, there is no way of determining whether that belief was substantially burdened.

Defendants merely attempted to resolve these ambiguities by looking to the only other available evidence, the Asatru texts upon which Curtis relies. ECF No. 41 at 2:26-3:28. Defendants made no arguments whatsoever based upon these texts that Plaintiff's belief was not "central" to his faith. *Id*. The Magistrate Judge's claims to the contrary were clearly erroneous.

### 3. Resulting Findings were Clearly Erroneous

Instead of considering Defendants' factual analysis, the Magistrate Judge took Curtis to mean that he believed he was required to "consume meat prepared for the Common Fare diet." *Id*. at 10:1-4. However, the Magistrate Judge did not cite any record evidence for this interpretation. *Id*. Had the Magistrate Judge looked to the record, it would not have found any resolution even in Curtis' reply, which did not address this argument or attempt to clarify his belief. *See* ECF No. 46. The Magistrate Judge could not have properly determined that this was precisely what Curtis meant, or that there were even serious questions that this was what Curtis meant.

Even assuming, *arguendo*, Curtis had only now articulated that his belief meant he was required to "consume meat prepared for the Common Fare diet," the evidence is adequate that this was not the sincere belief burdened at the time his common fare application was denied and appealed. All evidence heretofore indicates that Curtis has stated his religion requires him to consume meat that has been humanely treated and slaughtered as provided in the texts *Our Troth Vol. 2: Living the Troth* compiled by Kveldúlf Gundarsson and *The Nature of Ásatrú* by Mark Puryear, with Kosher law being the closest analogue. ECF No. 4; ECF No. 30 at 7:1-4, 7:6-8, 9:5-11, 10:6-9, 17:19-24, 26-29, 36-43. However, Kosher law itself does not require the humane treatment and slaughter of animals, *See* Ex. B at 149; so, what is the alleged "analogue" between Kosher law and the

requirements of Asatru? These texts clarify that, alike to Kosher law, there are particular, albeit several methods of slaughter which are humane and acceptable for an Asatru. *See* ECF No. 41 at 2:15-25.

It was reasonable to construe Curtis' belief as stating that he must consume meat slaughtered by any of the methods these texts suggest. There is adequate evidence that Defendants at times did reasonably construe Curtis' stated belief in this manner. *See* ECF No. 36-43. Curtis cannot now argue that he meant something different; and if he did mean something different, Curtis should have filed another common fare application. There is no evidence that he ever did file another common fare application—it took undersigned counsel's unilateral intervention to have him placed on common fare based upon his 2019 application.

Based upon this undisputed interpretation of Curtis' stated belief, it was clear error for the Magistrate Judge to determine that Curtis's sincere belief was substantially burdened. It is undisputed that the humane methods of slaughter prescribed align with methods already prescribed by federal law for all meat produced in the United States. *See* ECF No. 41 at 4:1-5:17. It is also undisputed that while on the main menu, Curtis has only consumed meat from animals slaughtered in compliance with federal law. *See* ECF No. 41 at 5:19-6:11. Accordingly, Curtis' sincere belief was not burdened by remaining on the main menu diet, and it was clear error for the Magistrate Judge to find otherwise.

The Magistrate Judge's resulting findings that this belief was substantially burdened, and that Curtis was likely to succeed on the merits, were clearly erroneous. For these reasons, the Magistrate Judge's recommendations must be rejected, and Plaintiff's motion must be denied.

///
///
///
///
///

## V. CONCLUSION

For the above referenced reasons, Defendants respectfully object to Magistrate Judge Youchah's Report and Recommendation. Defendants request that this Court reject the Magistrate's recommendation and deny Plaintiff's Motion for Preliminary Injunction.

DATED this 16th day of January, 2024.

                                                AARON D. FORD
                                                Attorney General

                                                By: /s/ Samuel L. Pezone Jr.
                                                SAMUEL L. PEZONE JR. (Bar No. 15978)
                                                Deputy Attorney General

                                                *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on January 16, 2024, I electronically filed the foregoing **DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF NO. 50)**, via this Court's electronic filing system. Parties that are registered with this Court's electronic filing system will be served electronically.

Michael Curtis, #1195453
High Desert State Prison
P.O. Box 650
Indian Springs, Nevada 89070
*Plaintiff, Pro Se*

/s/ *Andrea Beckett*
ANDREA BECKETT, an employee of the
Office of the Nevada Attorney General